United States District Court
Southern District of Texas
**ENTERED**
July 20, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHEREASE A. LATIN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | CIVIL ACTION NO. H-21-3446 |
| v. | § | |
| | § | |
| WARDEN TONYA HAWKINS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a federal inmate housed at the FPC Bryan, filed a habeas petition under 28 U.S.C. § 2241 challenging her prison disciplinary conviction.[1] Respondent filed a motion to dismiss the petition, and served the motion on petitioner at her address of record on February 24, 2022. (Docket Entry No. 11.) Despite expiration of a reasonable period of time, petitioner has not filed a response to respondent's motion, and the motion to dismiss is unopposed.

Having reviewed the petition, the motion to dismiss, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this lawsuit for the reasons shown below.

---

[1] Section 2241 provides that the proper respondent to a habeas petition is the person who has custody over the petitioner. *See Padilla v. Rumsfeld*, 542 U.S. 426, 434 (2004). As Tonya Hawkins is the Warden of FPC Bryan, she has been substituted as the respondent in this action.

## I. BACKGROUND AND CLAIMS

Petitioner asserts that in January 2021, she received a disciplinary conviction for using the prison telephone outside of her assigned time. She was sanctioned with a thirty-day loss of telephone and commissary privileges. She did not lose any good conduct sentence credit. Respondent acknowledges that petitioner exhausted her administrative appeals as to the disciplinary conviction.

Petitioner claims that the loss of prison privileges denied her due process and that the disciplinary conviction should be set aside with reinstatement of her telephone and commissary privileges. Respondent argues that petitioner's sanctions for temporary loss of telephone and commissary privileges did not give rise to due process concerns and that petitioner's lawsuit should be dismissed.

## II. ANALYSIS

A prisoner's constitutional rights in context of prison disciplinary proceedings are governed by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rule infractions are entitled to due process only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Changes that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Respondent correctly argues in the motion to dismiss that petitioner's sanctions in this case did not pose atypical or significant hardships that triggered due process protections. *See id.*; *see also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Thus, petitioner was not entitled to due process protections in her disciplinary proceeding and no cognizable ground for federal habeas relief is raised. Respondent is entitled to dismissal of petitioner's habeas claims raised in this lawsuit.

### III. CONCLUSION

For the above reasons, respondent's motion to dismiss (Docket Entry No. 11) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. To any extent necessary, a certificate of appealability is **DENIED**.

Signed at Houston, Texas, on  JUL 2 0 2022  .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE